**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMBER EUNELLA IBHRI EL BEY JOHNSON,

     Plaintiff,

                                   Case No. 26-10653

v.

                                   HON. DENISE PAGE HOOD

DEMETRIOUS ROBINSON,

     Defendant.

_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**WITHOUT PREPAYING FEES OR COSTS,**
**ORDER OF SUMMARY DISMISSAL**
**AND FINDING ANY APPEAL FRIVOLOUS**

Before the Court is Plaintiff Amber Eunella Ibhri El Bey Johnson's Application to Proceed Without Prepaying Fees or Costs.  A review of the application supports a claim of pauper status.  The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action.  However, for the reasons set forth below, Plaintiff's Complaint is summarily dismissed.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from

such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff filed a Complaint against Defendant Demetrious Robinson alleging as a basis for jurisdiction diversity of citizenship under 18 U.S.C. § 1332. (ECF No. 1, PageID.3)  The Complaint states that Plaintiff is a "national" of the State of Michigan, with a post office box mailing address in Detroit, Michigan.  *Id*. at

2

PageID.2 and .4. Defendant's address is listed in Detroit, Michigan and is a citizen of the State of Michigan.  *Id.*  The Statement of Claim alleges that Defendant assaulted Plaintiff, violated a personal protection order, threatened her life, stalked and harassed her and caused emotional distress and pain and suffering.  *Id*. at PageID.5.  These allegations appear to be based on state law claims.  Plaintiff seeks damages of "5,000 pain & suffering, cost for medical bills … and 5,000 emotional distress." *Id*. at PageID.6.  A review of the attached medical records does not show an amount charged as to the cost of Plaintiff's medical treatment.

The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress.  *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).  The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895).  The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

3

of the subject matter, the court <u>shall</u> dismiss or remand the action, either by a party's motion or the court's own motion.  Fed. R. Civ. P. 12(h)(3);  *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

Federal diversity jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  "Diversity of citizenship ... exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). *Id.* For the purposes of the diversity requirement, individuals are citizens of the state in which they are domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  Domicile is determined by two factors: residence and the intention to remain there. *Id.*; *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) ("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."). Factors frequently considered to determine domicile include the party's current residence, location of bank accounts, driver's license and automobile registration, and payment of taxes. 13E Fed. Prac. & Proc. Juris.2d § 3612 (2009).

Even liberally construing the Complaint filed by Plaintiff, the Court finds that Plaintiff failed to allege any factual grounds showing that this Court has subject

matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff struck the term "citizen" on her Complaint and inserted the term "national" of the State of Michigan. (ECF No. 1, PageID.4)  Plaintiff appears to be domiciled in Michigan because she resides in this State and appears to have the intention of remaining in the State.  She has a post office box in Michigan, an address where she has resided in Michigan appears in an attachment to her Complaint and her driver's license is issued by the State of Michigan.  (See for example, ECF No. 1, PageID.50) Defendant is listed as a citizen of and resides in the State of Michigan.  The amount in controversy listed in the Complaint does not meet the threshold amount of more than $75,000.  The claims appear to be based on Michigan state law claims of assault and battery.  Plaintiff has failed to show that this Court has subject matter jurisdiction based on diversity of citizenship over the Complaint under 28 U.S.C. § 1332(a). Both Plaintiff and Defendant are citizens and domiciled in the State of Michigan and the amount in controversy has not been met.  The Complaint must be dismissed.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is GRANTED.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

5

IT IS FURTHER ORDERED that the Court finds this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  March 5, 2026